T.C. Summary Opinion 2019-30

UNITED STATES TAX COURT

DAVID BAGDAN AND MAUREEN BAGDAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16317-15S.                    Filed October 1, 2019.

David Bagdan and Maureen Bagdan, pro sese.

<u>Kimberly A. Trujillo</u> and <u>Catherine J. Caballero</u>, for respondent.

SUMMARY OPINION

LEYDEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]All section references are to the Internal Revenue Code, as amended, in
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 25, 2015, the Internal Revenue Service (IRS)[2] determined a deficiency in petitioners' 2011 Federal income tax of $10,370 and a section 6662(a) accuracy-related penalty of $2,074. The issues for decision are whether petitioners are: (1) entitled to deduct $21,396 of unreimbursed employee expenses reported on Schedule A, Itemized Deductions; (2) entitled to deduct $16,579 of car and truck expenses with respect to Mr. Bagdan's business of officiating sports games reported on Schedule C, Profit or Loss From Business; and (3) liable for a section 6662(a) accuracy-related penalty. The Court holds that petitioners are: (1) not entitled to deduct $21,396 of unreimbursed employee expenses; (2) not entitled to deduct $16,579 of car and

[1](...continued)
effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

truck expenses; and (3) not liable for the section 6662(a) accuracy-related penalty.[3]

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. Petitioners resided in California when they timely filed their petition.

### I. Mr. Bagdan's Employment During 2011

During 2011 Mr. Bagdan was employed by On Demand Power, Inc. (On Demand Power), as an outside sales and business development associate. During 2011 On Demand Power had a policy of reimbursing all sales-related expenses for Mr. Bagdan's position. On Demand Power's reimbursement policy with respect to Mr. Bagdan stated: "[On Demand Power] will reimburse * * * [Mr. Bagdan] for all sales related expenses when all receipts are presented in a documented hard copy (paper or fax), approved by * * * [Mr. Bagdan's] signature as being business related and approved by * * * [On Demand Power]." During 2011 On Demand Power reimbursed Mr. Bagdan $525 for cellular phone expenses, $40 for an oil change for his car, $40 for tolls, and $21.84 for brake repairs to his car.

---

[3]Adjustments to the amounts of petitioners' self-employment tax, self-employment tax deduction, alternative minimum tax, and education credit are purely computational matters, the resolution of which depends on our disposition of the first and second disputed issues.

## II. Mr. Bagdan's Officiating Business

During 2011 Mr. Bagdan officiated at a large number of basketball and boys' lacrosse games. He received $16,304 in gross receipts for this work. Mr. Bagdan drove to and from most of the games using his own car and did not maintain contemporaneous documentation for the miles he drove. The parties stipulated three exhibits: (1) a list Mr. Bagdan prepared in connection with the IRS audit of petitioners' 2011 tax return that contained columns listing dates in 2011 in chronological order in the form of a day and month[4] and names of the school or place and locations where games were played;[5] (2) another list Mr. Bagdan prepared in connection with the IRS audit of petitioners' 2011 tax return that contained three columns titled "Game", "Location", and "Mileage"; and (3) monthly calendars for January through December 2011 that Mr. Bagdan prepared and printed on "2/17/2014 6:16pm".

---

[4]The list included dates for boys' lacrosse games starting January 16, 2011, and ending December 18, 2011, and dates for basketball games starting January 3, 2011, and ending February 15, 2011.

[5]The basketball games listed did not include a second column listing the locations where the games were played.

III.    Petitioners' 2011 Tax Return

Petitioners prepared and timely filed a 2011 joint Federal income tax return. They claimed a deduction on Schedule A of $21,396 for unreimbursed employee expenses and reported an expense on Schedule C of $16,579 for car and truck expenses with respect to Mr. Bagdan's officiating business. Petitioners attached to their 2011 tax return a Form 2106, Employee Business Expenses, and reported unreimbursed employee expenses of $21,396 as follows: (1) $15,670 of vehicle expenses;[6] (2) $265 of parking fees, tolls, and transportation, including train, bus, etc. that did not involve overnight travel or commuting to and from work; (3) $950 of travel expenses while away from home overnight, including lodging, airplane, car rental, etc.; (4) $4,185 of business expenses not otherwise included and not including meals and entertainment; and (5) $326 of meals and entertainment expenses.[7]

---

[6]On the Form 2106 petitioners listed business miles driven of 29,556 and delineated the business miles as driven in "Vehicle 1" of 21,433 miles and in "Vehicle 2" of 8,123 miles. It appears that the vehicle expense listed on Form 2106 of $15,670 was calculated by multiplying the total number of business miles listed for Vehicle 1 and Vehicle 2 by 53 cents. The standard mileage rate set by the IRS for 2011 was 51 cents per mile before July 1, 2011, and 55 cents per mile on or after July 1, 2011. Announcement 2011-40, 2011-29 I.R.B. 56; Notice 2010-88, 2010-51 I.R.B. 882.

[7]The total meals and entertainment expenses listed on the Form 2106 were

(continued...)

Petitioners reported $16,579 of car and truck expenses on their Schedule C but did not list in part IV, Information on Your Vehicle, information about any vehicle including the total number of business miles driven. Petitioners also filed a Form 4562, Depreciation and Amortization (Including Information on Listed Property), with respect to Mr. Bagdan's officiating business activity. On that form petitioners reported in part IV, section B--Information on Use of Vehicles, total business miles driven during 2011 of 27,129. The record does not show how petitioners calculated the expense of $16,579, but it appears they used mileage rather than actual costs.[8]

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and a taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining his or her

---

[7](...continued)
$651 before the 50% limitation prescribed in sec. 274(n)(1).

[8]The car and truck expenses of $16,579 divided by 27,129, the number of business miles reported on Form 4562, yields an expense per mile of approximately 61 cents.

liability and satisfies other conditions, then the burden of proof shifts to the Commissioner with respect to that issue. Sec. 7491(a)(1) and (2). Petitioners have not argued that section 7491(a) applies nor established that its requirements are met. The burden of proof remains with them.

As the Court has observed in countless opinions, deductions are a matter of legislative grace, and a taxpayer generally bears the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

II.     Unreimbursed Employee Expenses

A cash basis taxpayer may deduct ordinary and necessary expenses paid during the taxable year in carrying on a trade or business. Sec. 162(a). Generally, the performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v.

Commissioner, 54 T.C. 374, 377 (1970). If as a condition of employment an employee is required to incur certain expenses, then the employee is entitled to deduct those expenses to the extent the expenses are not subject to reimbursement. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955). Section 262(a) generally disallows a deduction for personal, living, or family expenses.

A taxpayer cannot deduct employee business expenses to the extent he is entitled to reimbursement from his employer for those expenses. See Lucas v. Commissioner, 79 T.C. 1, 7 (1982). The taxpayer bears the burden of proving that he is not entitled to reimbursement. See Fountain v. Commissioner, 59 T.C at 708. The taxpayer can prove that he is not entitled to reimbursement by showing, for example, that he is expected to bear these costs. Id. An expense for which the taxpayer is entitled to (but does not claim) reimbursement from his employer is generally not considered "necessary" and thus is not deductible under section 162. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Podems v. Commissioner, 24 T.C. at 22-23.

Mr. Bagdan's employer, On Power Demand, did have a reimbursement policy that provided reimbursements to Mr. Bagdan for all sales-related expenses. Therefore, petitioners have the burden of proving that the reported "unreimbursed

employee expenses" were not covered by Mr. Bagdan's employer's reimbursement policy. Petitioners have not provided any documents demonstrating the expenses reported on the Schedule A were not covered. Therefore, petitioners have failed to meet their burden of proof.

Moreover, Mr. Bagdan did not maintain a log, a calendar, or a similar record required to properly substantiate or demonstrate the business purpose of the unreimbursed employee expenses. Accordingly, the Court concludes that petitioners are not entitled to deduct $21,396 of unreimbursed employee expenses.

### III. Schedule C Car and Truck Expenses

Petitioners reported $16,579 for car and truck expenses on Schedule C with respect to Mr. Bagdan's officiating business. Deductions for expenses with respect to the use of passenger automobiles, if otherwise allowable, are subject to strict substantiation rules. See secs. 274(d), 280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). For expenses relating to passenger automobiles, a taxpayer must substantiate with adequate records or sufficient evidence corroborating his or her own statement: (1) the amount of each separate expense; (2) the mileage for each business use of the passenger automobile and the total mileage for all purposes during the taxable

period; (3) the date of the business use; and (4) the business purpose of the use.

See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016

(Nov. 6, 1985).  Substantiation by adequate records generally requires the taxpayer

to "maintain an account book, diary, log, statement of expense, trip sheets, or

similar record" prepared contemporaneously with the use of the passenger

automobile as well as documentary evidence of the individual, actual expenses.

Id. para. (c)(2), 50 Fed. Reg. 46017.

In lieu of substantiating actual passenger automobile expenses, a taxpayer

may calculate them by using the standard mileage rate established by the

Commissioner.  See sec. 1.274-5(j)(2), Income Tax Regs.  The taxpayer may base

the deduction on either actual expenses or standard mileage, not both.  Nash v.

Commissioner, 60 T.C. 503, 520 (1973).  If the taxpayer elects the actual expense

method, he must substantiate his business use percentage for the passenger

automobile.  Larson v. Commissioner, T.C. Memo. 2008-187, 2008 Tax Ct. Memo

LEXIS 182, at *12; sec. 1.274-5T(d)(2)(i), Temporary Income Tax Regs., 50 Fed.

Reg. 46025 (Nov. 6, 1985).

Petitioners submitted this case fully stipulated and thus did not testify.

Petitioners submitted, and the parties stipulated, calendar pages for the months of

January through December 2011 and spreadsheets that purport to show the games

Mr. Bagdan officiated at and the miles he drove to and from the games. Many of the games listed on the two lists do not appear on the calendar.[9] Further, as respondent has noted in his brief, a comparison of the calendar and the mileage logs shows discrepancies in the number of miles petitioners assert Mr. Bagdan drove to officiate at games. The comparison shows that 102 entries with a total of 8,790 miles driven by Mr. Bagdan do not have a corresponding game listed on the calendar, but it does show 44 entries with a total of 2,220 miles driven by Mr. Bagdan that do have a corresponding game listed on the calendar.[10]

However, neither the mileage logs nor the calendar satisfies the requirement under section 274(d) to show the business purpose. While petitioners assert that Mr. Bagdan officiated at over 300 games, his notations on his calendar are at best vague. For example, an entry on the calendar for April 2, 2011, is "12:00pm UC Merced @ UDP". It does not indicate whether the notation was for a basketball or

---

[9]For some days the block on the calendar is filled and there is an arrow at the end, which might be an indication that there were more entries. However, petitioners have not presented any further evidence of any additional entries in those instances.

[10]Respondent's simultaneous opening brief compared the mileage logs and the calendar. His comparison reveals 102 games with a total of 8,704 miles driven for games shown on the mileage logs that do not have a corresponding game listed on the calendar and 44 games with a total of 2,306 miles driven for games that are listed on both the mileage logs and the calendar. The Court's comparison revealed a different conclusion from respondent's comparison.

a boys' lacrosse game or whether Mr. Bagdan was officiating at the game. Only two entries for games listed on the calendar indicate Mr. Bagdan's connection to the games. Further, some games on the two lists are not listed on the corresponding dates on the calendar. As a result of this inconsistency the Court does not afford much weight to the lists or the calendar.

Unfortunately for petitioners, the law requires more than what petitioners have provided to substantiate expenses related to driving vehicles for a business. The Court concludes that petitioners are not entitled to deduct $16,579 for car and truck expenses.

IV. Accuracy-Related Penalty

Respondent determined the accuracy-related penalty for 2011 because petitioners' underpayment was due to a substantial understatement of income tax or negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1) and (2). A taxpayer may be liable for a 20% accuracy-related penalty on the portion of an underpayment of income tax attributable to a substantial understatement of income tax or to negligence or disregard of rules or regulations. Sec. 6662(a)-(d). Only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of an underpayment, even if that portion is attributable to more than one type of conduct listed in section 6662(b). See New

Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), aff'd, 408 F. App'x 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs. The Commissioner bears the burden of production with respect to a section 6662 accuracy-related penalty in any court proceedings with respect to the liability of any individual. Sec. 7491(c).

Section 6751(b)(1) provides that, subject to certain exceptions in section 6751(b)(2), no penalty shall be assessed unless the initial determination of the assessment is personally approved in writing by the immediate supervisor of the individual making the determination or such higher level official as the Secretary may designate. Written approval of the initial penalty determination under section 6751(b)(1) must be obtained no later than the date the notice of deficiency is issued or the date the Commissioner files an answer or amended answer asserting the penalty. Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; see also Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Compliance with section 6751(b)(1) is part of the Commissioner's burden of production in any deficiency case in which a penalty subject to section 6751(b)(1) is asserted. Chai v. Commissioner, 851 F.3d at 221.

The parties stipulated a copy of a Workpaper #300, Civil Penalty Approval Form, that approved imposition of an accuracy-related penalty against petitioners on the basis of a substantial understatement or negligence or disregard of rules or regulations. That form bore a signature of Elain Li in the group manager signature line and was signed on May 16, 2014.

After this case was submitted, the Court issued its Opinion in Clay v. Commissioner, 152 T.C. __ (Apr. 24, 2019). In Clay the Court concluded that section 6751(b) may require written approval of penalties before the issuance of a notice of deficiency. The Court held that the "initial determination" of the penalties occurred when the IRS mailed a 30-day letter, which formally communicated to the taxpayers proposed adjustments that included penalties and gave the taxpayers their right to protest the proposed penalties.

The Court by order permitted respondent to file a motion to reopen the record to provide evidence of compliance with Clay and provided petitioners an opportunity to file a response if respondent filed a motion to reopen the record. Respondent filed a motion to reopen the record supported by a declaration of Elain Li, who was the group manager of the revenue agent who examined petitioners' 2011 return. The Court granted that motion. Petitioners did not file a response.

The Court finds on the basis of the stipulated record and the declaration of Elain Li that respondent has failed to meet his burden of production and he may not impose the section 6662(a) penalty.  See id.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).